IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:97CR40

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JUAN BAUTISTA ALMOIA-TORRES (2), ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Relief from the Judgment for Correction of Structural Error, a Manifest Injustice, and Extraordinary Circumstances, Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, filed January 17, 2006.

On October 8, 1998, a jury found Defendant guilty of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Three), conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956, 1957 (Count Six), and conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963, 952. On April 26, 1999, this Court sentenced Defendant to life imprisonment on Counts One, Three, and Seven, and 240 months imprisonment on Count Six, to run concurrently with Counts One, Three, and Seven. On May 12, 1999, Defendant filed a Notice of Appeal.

On June 27, 2000, the United States Court of Appeals for the Fourth Circuit issued its Mandate, affirming the Judgment of this Court. On June 1, 2001, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. In an Order dated July 11, 2003, the Court denied

1

Defendant's Motion to Vacate.

Defendant is now again attacking his sentence on the same grounds as previously raised in his Motion to Vacate. Although Defendant attempts to cloak the instant Motion under the guise of Rule 60(b) of the Federal Rules of Civil Procedure, the Court finds that Defendant is collaterally attacking his sentence. Thus, this Court will construe Defendant's filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Moreover, the Court will consider the additional arguments made by Defendant in his Motion for Relief from Judgment pursuant to Rule 60(b). However, this Motion and the supplement would be Defendant's second § 2255 motion.

A defendant may not file a second or successive motion under § 2255 unless a panel of the appropriate court of appeals has certified that the new motion will contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. §§ 2244, 2255; *see also* RULES GOVERNING § 2255 PROCEEDINGS, Rule 4(b), 9(b).

In arguments akin to those made in his initial Motion to Vacate, Defendant here argues: (1) the Court failed to make factual findings regarding the drug type and quantity attributable to Defendant; (2) the Court failed to make factual findings in reference to Defendant's leadership role in the conspiracy; and (3) Defendant's Fifth Amendment rights were violated when the jury

---

[1]The Court of Appeals for the Fourth Circuit's decision in *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the *Emmanuel* case, this motion would not be Defendant's first § 2255 motion. *Id.* at 650 (finding no notice required where recharacterization has no adverse impact on movant).

did not determine drug type and quantity attributable to Defendant, as required by *Apprendi* and *Booker*.

Defendant, however, has not received certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because the Court has construed Defendant's instant Motion as a motion to vacate, set aside or correct his sentence pursuant to § 2255, the Court cannot reach the merits of Defendant's claims until he receives certification from the Fourth Circuit Court of Appeals that his claims will contain a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review.[2] 28 U.S.C. §§ 2244, 2255.

**IT IS, THEREFORE, ORDERED** that the Clerk is directed to treat this Motion as motion to vacate, set aside, or correct sentence pursuant to § 2255 and to file a copy of this Order within the civil case number assigned.

**IT IS FURTHER ORDERED** that Defendant's Motion for Relief from Judgment for Correction of Structural Error, a Manifest Injustice, and Extraordinary Circumstances, Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure is **DISMISSED** without prejudice as successive.

---

[2]Defendant is advised that the Fourth Circuit has found that *United States v. Booker*, 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 72 (2005).

Signed: April 20, 2006

*[signature]*

Richard L. Voorhees
Chief United States District Judge