UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CV-148-FDW
(3:97-CR-40-FDW)

| | |
|---|---|
| JUAN BAUTISA ALOMIA TORRES, ) <br> ) <br> ) <br> **Petitioner,** ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> **Respondent.** ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's *pro se* "Motion to Reopen his Initial 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence," in which he purports to seek relief under Rule 60(b).[1] (Doc. No. 1). For the reasons that follow, the Court finds that the motion is an unauthorized, successive petition, which must be dismissed for lack of jurisdiction.

I. BACKGROUND

Petitioner was convicted at trial of conspiracy to distribute cocaine and cocaine base, and various related drug trafficking offenses. The Fourth Circuit Court of Appeals described his offenses as follows:

> … Alomia-Torres was the leader of a major drug conspiracy that was based primarily in Charlotte and Winston-Salem, North Carolina, from 1989-1996. Most of the co-conspirators were from the same neighborhood in Colombia. The conspirators imported cocaine from Colombia to Ecuador and distributed it in North Carolina, Georgia, Texas, and New York. The conspiracy involved over twenty people, and Alomia-Torres was held responsible for distributing in excess of 300 kilograms of cocaine.

---

[1] Petitioner originally filed this pleading in his original § 2255 case, number 3:01-cv-301-FDW. See (3:01-cv-301, Doc. No. 23). The Court instructed the Clerk of Court to open it in as new civil case. (3:01-cv-301, Doc. No. 24).

1

United States v. Alomia-Torres, 215 F.3d 1321, 1321 (4th Cir. 2000) (unpublished).

The Court sentenced him to life imprisonment and the Fourth Circuit Court of Appeals affirmed on June 5, 2000. Id.

In 2001, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, in which he alleged that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), and that counsel provided ineffective assistance at trial and on direct appeal. (3:01-cv-301, Doc. No. 1). The Court denied the Motion to Vacate on the merits, (3:01-cv-301, Doc. No. 12), and the Fourth Circuit dismissed his appeal for lack of prosecution. United States v. Alomia-Torres, No. 03-7478 (4th Cir. Feb. 5, 2004).

In 2006, Petitioner filed in the criminal case a Rule 60(b) motion for relief from his criminal judgment that the Court dismissed without prejudice as an unauthorized, successive § 2255 motion to vacate. (3:97-cr-40, Doc. No. 486, 491). The Fourth Circuit dismissed Petitioner's appeal as untimely. United States v. Alomia-Torres, 286 Fed. Appx. 11 (4th Cir. 2008); United States v. Alomia-Torres, 341 Fed. Appx. 863 (4th Cir. 2009).

In 2012, Petitioner filed a Rule 60(b)(4) motion in his § 2255 case, arguing that his criminal judgment was void, and it was opened as a new civil case, number 3:13-cv-422. See (3:01-cv-301, Doc. No. 21). Petitioner again raised an Apprendi claim and attacked his criminal judgment. The Court construed the Rule 60(b) motion as an unauthorized successive § 2255 Motion to Vacate and dismissed without prejudice. Alomia-Torres, 2013 WL 3967685 (W.D.N.C. Aug. 1, 2013). The Fourth Circuit dismissed Petitioner's appeal and denied him authorization to file a successive § 2255 motion. United States v. Alomia-Torres, 555 Fed. Appx. 276 (4th Cir. 2014).

Petitioner filed the instant "Motion to Reopen His Initial 28 U.S.C. § 2255 Motion to

Vacate, Set Aside, or Correct Sentence" on February 26, 2018. (Doc. No. 1). He argues that the Court, in his original § 2255 proceeding, inadvertently or mistakenly concluded that Apprendi did not apply to his case.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). The authorization requirement applies to the entire application, so the jurisdictional effect of § 2244(b)(3) extends to all claims in the application including those that would not be subject to the limits on successive applications if presented separately. Id. In the case of such "mixed petitions," in which both barred

and non-barred claims are presented, the appropriate solution is to afford the prisoner the choice of "seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization." Id. (quoting Pennington v. Norris, 257 F.3d 857, 858 (8th Cir. 2001)).

Rule 60 of the Federal Rules of Civil Procedure addresses circumstances under which relief from a civil judgment or order. Rule 60 is a civil rule and is therefore "simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); see United States v. Abney, 39 Fed. Appx. 12 (4th Cir. 2002) ("the Federal Rules of Civil Procedure do not provide a vehicle by which [criminal defendant] may challenge his criminal judgment").

Rule 60(b) permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th

Cir. 2017).

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. Winestock, 340 F.3d at 206 (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

### III. DISCUSSION

The instant Motion is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 motion to vacate which the Court denied on the merits. He subsequently filed two Rule 60 motions that were both construed as unauthorized successive motions to vacate. In this, Petitioner's third Rule 60(b) motion, he yet again attacks the validity of his sentence pursuant to Apprendi which has been denied on § 2255 review and affirmed by the Fourth Circuit. This substantive attack on his sentence is construed as a successive § 2255 petition rather than a Rule 60 motion seeking relief from a civil judgment or order. Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive § 2255 petition before

filing this case. Accordingly, the motion seeking relief from the criminal judgment must be dismissed as an unauthorized, successive § 2255 petition, for lack of jurisdiction.

### III. CONCLUSION

For the reasons stated herein, the Rule 60(b) Motion for Reconsideration is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion to Reopen his Initial 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence," (Doc. No. 1), is construed as an unauthorized, successive § 2255 petition and is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Cf. United States v. McRae, 793 F.3d 392, 398 (4th Cir. 2015) ("the COA requirement in § 2253(c) allows us to review, without first issuing a COA, an order dismissing a Rule 60(b) motion as an improper successive habeas petition.").

Signed: March 26, 2018

Frank D. Whitney
Chief United States District Judge