UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CV-549-FDW
(3:97-CR-40-FDW-2)

| | |
|---|---|
| JUAN BAUTISA ALOMIA-TORRES, ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

**I.     BACKGROUND**

Petitioner was convicted at trial of conspiracy to distribute cocaine and cocaine base, and various related drug trafficking offenses. The Court sentenced him to life imprisonment and the Fourth Circuit Court of Appeals affirmed on June 5, 2000. United States v. Alomia-Torres, 215 F.3d 1321, 1321 (4th Cir. 2000) (unpublished).

In 2001, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, in which he alleged that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), and that counsel provided ineffective assistance at trial and on direct appeal. (3:01-cv-301, Doc. No. 1). The Court denied the § 2255 petition on the merits, (3:01-cv-301, Doc. No. 12), and the Fourth Circuit dismissed his appeal for lack of prosecution. United States v. Alomia-Torres, No. 03-7478 (4th Cir.

1

Feb. 5, 2004).

In 2006, Petitioner filed a Rule 60(b) motion for relief from his criminal judgment that the Court dismissed without prejudice as an unauthorized, successive § 2255 petition. (3:97-cr-40, Doc. No. 486, 491). The Fourth Circuit dismissed Petitioner's appeal as untimely. United States v. Alomia-Torres, 286 Fed. Appx. 11 (4th Cir. 2008); United States v. Alomia-Torres, 341 Fed. Appx. 863 (4th Cir. 2009).

In 2012, Petitioner filed a Rule 60(b)(4) motion in his § 2255 case, arguing that his criminal judgment was void, and it was opened as a new civil case, number 3:13-cv-422. See (3:01-cv-301, Doc. No. 21). Petitioner again raised an Apprendi claim and attacked his criminal judgment. The Court construed the Rule 60(b) motion as an unauthorized successive § 2255 petition and dismissed without prejudice. Alomia-Torres, 2013 WL 3967685 (W.D.N.C. Aug. 1, 2013). The Fourth Circuit dismissed Petitioner's appeal and denied him authorization to file a successive § 2255 petition. United States v. Alomia-Torres, 555 Fed. Appx. 276 (4th Cir. 2014).

On February 26, 2018, Petitioner filed a "Motion to Reopen His Initial 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence," case number 3:18-cv-148. See (3:18-cv-148, Doc. No. 1). The Court construed the Motion as an unauthorized successive § 2255 petition that was dismissed for lack of jurisdiction. (3:18-cv-148, Doc. No. 2). The Fourth Circuit dismissed Petitioner's appeal on July 31, 2018. United States v. Alomia-Torres, 733 Fed. Appx. 123 (4th Cir. 2018).

Presently before the Court is yet another § 2255 petition filed on October 4, 2018. (Doc. No. 1). He raises claims of ineffective assistance of counsel and actual innocence.

II. **LEGAL STANDARDS**

2

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

### III. DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court denied on the merits. He subsequently filed Rule 60 motions that were construed as unauthorized successive § 2255 petitions. Petitioner has now filed another § 2255 petition and he does not allege that he has received permission from the Fourth Circuit a second or successive § 2255 petition under § 2255(h). Accordingly the instant § 2255 petition will be dismissed as an unauthorized,

successive § 2255 petition over which the Court lacks jurisdiction.

**III. CONCLUSION**

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Cf. United States v. McRae, 793 F.3d 392, 398 (4th Cir. 2015) ("the COA requirement in § 2253(c) allows us to review, without first issuing a COA, an order dismissing a Rule 60(b) motion as an improper successive habeas petition.").

Signed: October 16, 2018

Frank D. Whitney
Chief United States District Judge