UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:97-cv-00040-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JUAN BAUTISTA ALOMIA-TORRES, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's pro se Motions for a Reduced Sentence under the First Step Act of 2018, (Doc. No. 618, 624, 635), and his related motions, also filed pro se, seeking a hearing and status report on those motions (Doc. Nos. 629, 639, 643). The motions to reduce sentence are opposed by the Government. (Doc. No. 642). In accordance with district practice, the United States Probation Office prepared a Supplemental Presentence Report pursuant to the First Step Act of 2018 (hereafter, "Supplemental First Step Act PSR"). (Doc. No. 641). For the reasons that follow, Defendant's Motions to Reduce are GRANTED and his Motions for a Hearing are DENIED.

## I. BACKGROUND

In 1998, a jury found Defendant guilty of conspiracy to possess with intent to distribute crack and powder cocaine, possession with intent to distribute crack cocaine, money-laundering conspiracy, and conspiracy to import cocaine. On April 26, 1999, the court sentenced Defendant to life imprisonment. In doing so, the court calculated Defendant's: 1) drug quantity to be in excess of 300 kilograms of cocaine; 2) total offense level to be 43; 3) criminal history category to be I;

1

and 4) advisory guideline range to be life imprisonment. (Doc. No. 306). Defendant appealed (Doc. No. 312), and the Fourth Circuit Court of Appeals affirmed (Doc. No. 356).

The Court subsequently denied Defendant's motions for sentence reduction made pursuant to amendments to the United States Sentencing Guidelines. (Doc. Nos. 530, 557, 578, 580). Accordingly, Defendant's original sentence of life imprisonment remains in place, and he has approximately 298 months of BOP credited time in prison, which—because he is serving a life sentence—does not include any "good time credit" or "good conduct time." See 18 U.S.C. § 3624(b)(1) ("Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year *other than a term of imprisonment for the duration of the prisoner's life*, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." (Emphasis added.)).

## II. ANALYSIS

Construing Defendant's multiple filings collectively, Defendant asks this Court to reduce his sentence as originally imposed and enter an amended judgment imposing a reduced, aggregate sentence to"324 months and/or in the alternative to 262 months or time served." (Doc. No. 618, p. 6). Defendant seeks relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which made the Fair Sentencing Act of 2010, Pub. L. No. 111-220, retroactive. The Fair Sentencing Act described itself as intended "[t]o restore fairness to Federal cocaine sentencing." Id., 124 Stat. at 2372. In Section 2, labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base to 280

grams for the ten-year mandatory minimum and to 28 grams for the five-year mandatory minimum. Id. § 2, 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)). In Section 3, the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

With its enactment in 2018, Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010 and allows the court that imposed a sentence for a covered offense to exercise its discretion to impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Id. The Fourth Circuit has explained the impact:

> [B]efore the Fair Sentencing Act, crack cocaine trafficking offenses fell into three brackets: (1) offenses involving 50 or more grams, which were punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2006); (2) offenses involving between 5 and 50 grams, which were punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2006); and (3) offenses involving less than 5 grams (or an unspecified amount), which were punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2006). The Fair Sentencing Act's amendments to Subsections 841(b)(1)(A)(iii) and (B)(iii) shifted all three brackets upward, so that now (1) offenses involving 280 or more grams are punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2018); (2) offenses involving between 28 and 280 grams are punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2018); and (3) offenses involving less than 28 grams (or an unspecified amount) are punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2018).

United States v. Woodson, 962 F.3d 812, 815 (4th Cir. 2020)

**A.      Standard of Review**

As an initial matter, the Fourth Circuit has recognized a defendant need not be present when considering his motions for sentence reduction pursuant to the First Step Act. United States v. Collington, 995 F.3d 347, 360 (4th Cir. 2021) (noting "procedural reasonableness in this context [of a First Step Act motion under Section 404(b)] would not require the district court to hold a

3

Case 3:97-cr-00040-FDW    Document 645    Filed 11/22/21    Page 3 of 9

resentencing hearing") see also Fed. R. Crim. P. 43(b) ("A defendant need not be present under any of the following circumstances: . . . (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."); United States v. Barraza, No. 3:07-CR-00079-FDW, 2021 WL 4810338, at *1 (W.D.N.C. Oct. 14, 2021) ("Rule 43(b)'s reference to '18 U.S.C. § 3582(c)' in its entirety and without limitation to subsection necessarily means a defendant is not required to be present for sentence reduction proceedings conducted pursuant to § 3582(c)(1)(A), § 3582(c)(1)(B), or § 3582(c)(2)."). Accordingly, no hearing is required.

This court must first determine whether Defendant's sentence satisfies the explicit criteria to *qualify* for reduction under the First Step Act, and, if so, then the court is given discretion to *impose* a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. The Fourth Circuit has explained:

> [A] district court presented with a First Step Act motion to reduce a sentence must first determine whether the sentence qualifies for reduction — i.e., whether it is eligible for consideration on the merits. This eligibility determination is not a function of discretion but simply of applying the explicit criteria set forth in the First Step Act. *First*, the sentence sought to be reduced must be for a "covered offense" — that is, "a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, and that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. at 5222 (citation omitted). We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C). *Second*, the motion for a reduction must be addressed to the court that imposed the subject sentence. First Step Act, § 404(b), 132 Stat. at 5222; cf. 28 U.S.C. § 2255(a) (requiring that § 2255 motions challenging sentences be made to "the court which imposed the sentence"). And *third*, the sentence must not have been "previously imposed or previously reduced" under the Fair Sentencing Act and must not have been the subject of a motion made after enactment of the First Step Act that was denied "after a complete review of the motion on the merits." First Step Act, § 404(c), 132 Stat. at 5222.

Upon determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act, § 404(b), 132 Stat. at 5222. The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for reduction in line with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect. [See Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649) — as Introduced (Nov. 15, 2018)].

To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a). And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing.

United States v. Lancaster, 997 F.3d 171, 174–75 (4th Cir. 2021) (internal case citations and quotations omitted; emphasis in original); see also United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021).

The Fourth Circuit requires that the imposition of a reduced sentence be procedurally and substantively reasonable, which means that in exercising its discretion, the district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." Collington, 995 F.3d at 360 (citations omitted). Notwithstanding the procedural and substantive reasonableness requirements in this Circuit, the Court is not required to engage in a complete resentencing of Defendant:

Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing. Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors. Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances.

> If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated.

Lancaster, 997 F.3d at 175 (case citations omitted); see also Collington, 995 F.3d at 358 ("Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing."); but see Lancaster, 997 F.3d at 178 (Wilkinson, J., concurring) ("[O]ur circuit, notwithstanding the protestations, has come very close to requiring a plenary resentencing at a more than ten-year remove from the most relevant evidence."). Bearing these principles in mind, the Court turns to Defendant's arguments.

**B.  First Step Act**

Here, the parties agree Defendant's 1998 conviction for conspiracy to distribute and possess with intent to distribute qualifies as a "covered offense" for a sentence reduction under the First Step Act. See First Step Act § 404(a), 132 Stat. at 5222; see also United States v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020) (holding that a "covered offense" under Section 404(a) of the Act can include a conviction for "a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced . . . ."); Lancaster, 997 F.3d at 174 (4th Cir. 2021) ("We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C)." (Citations omitted)).

Turning to the merits of Defendant's motion, the Court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Lancaster, 997 F.3d at 176; Collinston, 995 F.3d at 360; Chambers. 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished).

6

Here, Defendant's new advisory guideline range is now not more than 30 years—or 360 months—imprisonment and at least six years of supervised release. (Doc. No. 641, p. 2). Under the First Step Act, "a defendant cannot be resentenced under a statute carrying a mandatory minimum sentence when he or she was not indicted for any particular drug quantity and the jury was never required to make a finding that would support the application of a mandatory minimum." Jones v. United States, 431 F.Supp.3d 740, 751 (E.D. Va. 2020). In such situations, defendants must be resentenced for an unspecified drug quantity pursuant to § 841(b)(1)(C), which carries a maximum for an unspecified drug quantity pursuant to § 841(b)(1)(C), which carries a maximum sentencing range of 20 years. Id.; see also Collington, 995 F.3d at 356 (holding that a district court abuses its discretion if it lets stand a sentence that exceeds the statutory maximum established by the Fair Sentencing Act). The § 851 enhancement would elevate the statutory maximum for each to 30 years. 21 U.S.C. § 841(b)(1)(C). Therefore, a recalculation of the Sentencing Guidelines in light of intervening case law reveals a change in Defendant's original guidelines range from life imprisonment to up to 360 months.

Next, in determining the sentence that would have imposed had the Fair Sentencing Act been in effect, the Court considers the relevant 18 U.S.C. § 3553(a) factors,[1] including as part of that analysis evidence of Defendant's post-sentencing conduct. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v.

---

[1] In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

7

Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion).

Here, the record reflects that Defendant illegally entered the United States and between 1989 and 1996, Defendant imported, transported, and distributed large quantities of powder cocaine and cocaine base throughout the United States. He was responsible for approximately 300 kilograms of cocaine powder. In addition, Defendant's organization laundered nearly $229,000 in cash.

The record also reflects Defendant's post-sentencing conduct while in the custody of the Bureau of Prisons. Since the imposition of his original sentence, Defendant completed several courses, including his GED and English as a Second Language, as well as numerous other educational programs and work assignments. (Doc. No. 641, p. 4). Defendant also has a history of disciplinary actions while in custody, with several serious incidents involving assault and bodily harm taking place within the past year. (Doc. No. 641, pp. 3-4).

While the Court commends Defendant for completion of important educational programs and participating in multiple work assignments, the Court finds Defendant's disciplinary infractions to weigh against a reduction below 360 months in prison here. The Court further finds that consideration and balancing of § 3553(a) factors, including the nature and circumstances of Defendant's offense (including his involvement in the extensive operation of importing, transporting, and distributing large quantities of cocaine and cash into the United States over a long period of time), as well as the need to protect the public, provide just punishment for the

offense, and deter others from engaging in similar misconduct, all counsel that a sentence of 360 months is appropriate under this record for this Defendant.

### III. CONCLUSION

The Court finds a sentence of 360 months is sufficient, but not greater than necessary, to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation undergirding 18 U.S.C. § 3553(a). In reducing Defendant's sentence to 360 months, the Court notes this reduced sentence does not include any "good time credit" that the Bureau of Prisons might choose to award or apply to Defendant's sentence pursuant to 18 U.S.C. § 3624(b)(1) or 18 U.S.C. § 3632(d)(4)(A), if applicable.

IT IS THEREFORE ORDERED that Defendant's Motions for Reduced Sentence under the First Step Act (Doc. Nos. 618, 624, 635) is GRANTED, Defendant's Motions for a Hearing (Doc. Nos. 629, 643) are DENIED, and Defendant's Motion for a Status Report (Doc. No. 639) is DENIED AS MOOT. Defendant's sentence is reduced to an aggregate sentence of 360 months imprisonment and 6 years of supervised release.

IT IS SO ORDERED.

Signed: November 22, 2021

Frank D. Whitney
United States District Judge